UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCHELL R. TERRY, | ) |
| | ) |
| Plaintiff, | ) Case: 1:22-cv-03665 |
| | ) |
| v. | ) |
| | ) |
| CHRISTIAN BROTHERS AUTOMOTIVE | ) Jury Trial Demanded |
| d/b/a CBA W CHICAGO, LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Mitchell R. Terry ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Christian Brothers Automotive d/b/a CBA W Chicago, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and also terminating Plaintiff's employment on the basis of his disability and in retaliation for him attempting to assert his rights under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Mitchell R. Terry, resides in DeKalb County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Christian Brothers Automotive d/b/a CBA W Chicago, LLC, is a corporation doing business in and for DuPage County whose address is 1650 North Neltnor Blvd., West Chicago, IL 60185.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant on or around April 30, 2021.

12. Plaintiff is "qualified individual" as defined under the ADA.

13. From the beginning to the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon his disabilities.

14. Ultimately, Plaintiff was unlawfully terminated effective November 5, 2021.

15. On or around September 27, 2021 through November 5, 2021, Defendant subjected Plaintiff to different terms and conditions of employment that others not within Plaintiff's protective class.

16. The Plaintiff was subjected to discrimination on the basis of his disabilities, depression and anxiety.

17. Regardless of the Plaintiff's disabilities, he is qualified to perform the essential functions of his job, with or without reasonable accommodation.

18. Shortly after the new owner, Jason Sotiroff, took over, the Plaintiff had a non-work-related conversation with Mr. Sotiroff about seeing a therapist for his anxiety and depression.

19. Upon the Plaintiff returning to work on Monday September 27, 2021, after suffering a minor injury while working with another mechanic, Plaintiff noticed that Mr. Sotiroff began to look over his shoulder in a very obvious way.

20. That Friday, October 1, 2021, Mr. Sotiroff forced the Plaintiff to take what he referred to as a "mental health" week starting on October 4, 2021.

21. Plaintiff advised Mr. Sotiroff that he did not want to take time off and that he actually did better when he was working, however, Mr. Sotiroff advised that it was not optional.

22. Despite Plaintiff having no history of performance issues, Mr. Sotiroff told the Plaintiff that he was terminating him on November 5, 2021 for "being unhappy."

23. Mr. Sotiroff made it very clear that Plaintiff was a good employee and that his termination had nothing to do with his performance, and that he just did not want the Plaintiff working there because he believed that the Plaintiff was unhappy.

24. This is not only a mischaracterization of Plaintiff's disability but demeaning and discriminatory.

25. Thus, the disability discrimination that the Plaintiff was subjected to resulted in Plaintiff being terminated.

26. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.
### Disability-Based Harassment

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

29. Defendant knew or should have known of the harassment.

30. The harassment was severe or pervasive.

31. The disability harassment was offensive subjectively and objectively.

32. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to his disability.

33. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has

suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violations of the Americans with Disabilities Act ("ADA")
### Disability Discrimination

34. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

36. Defendant terminated Plaintiff's employment on the basis of his disability.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

38. Plaintiff is a member of a protected class under the ADA, due to his disability.

39. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

40. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq*.

41. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

42. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

5

43. By virtue of the foregoing, Defendant retaliated against Plaintiff for seeking a reasonable accommodation, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

44. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

45. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th July 2022.

                                              **/s/** *Nathan C. Volheim*
                                              **NATHAN C. VOLHEIM, ESQ.**
                                              IL Bar No.: 6302103
                                              **SULAIMAN LAW GROUP LTD.**
                                              2500 S. Highland Avenue, Suite 200
                                              Lombard, Illinois 60148
                                              Phone (630) 568-3056
                                              Fax (630) 575 - 8188
                                              nvolheim@sulaimanlaw.com
                                              *Attorney for Plaintiff*